THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. O. A. SCOTT.
No. 14,120.   (81 Pac. 1131.)

Error from Smith district court; RICHARD M. PICKLER, judge. Opinion filed July 7, 1905. Affirmed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for plaintiff in error.
*E. S. Rice,* and *Mahin & Mahin,* for defendant in error.

*Per Curiam:* The plaintiff brought an action to recover
damages alleged to have been sustained by loss of property
occasioned by the defendant's having thrown an embankment
across a watercourse, upon which to lay its ties and rails and
to operate its line of railroad, without having made suitable
provision for the flow of the water. Verdict and judgment for
plaintiff, to reverse which defendant prosecutes error.

Plaintiff in error makes two contentions: First, that plain-
tiff's evidence did not prove that the ravine across which the
defendant threw the embankment was a watercourse, and, there-
fore, the court should have sustained defendant's demurrer. To
this contention we cannot give our assent. The evidence was
sufficient to carry the case to the jury. Much of it tended
strongly to show that the embankment was across a water-
course, and, at least, was sufficient to justify the court in over-
ruling the demurrer and in submitting the case to the jury.

The second contention is that the defendant was entitled to
a judgment on the special findings of the jury. The jury found
that the plaintiff's land was not bottom-land; that there were
no bluffs or gorges on either side of the ravine; that the banks
had been plowed across in places; that in certain places vege-
tation grew in the bottom of the ravine; that where the ravine
passed through the land of one McDonald the banks had been
plowed and alfalfa sowed, and that he once raised a crop of
millet in the ravine. We do not think that the defendant was
entitled to judgment on these special findings notwithstanding
the general verdict. Bluffs and gorges are not necessarily essen-
tial to a watercourse, nor do we think that the fact that the
banks of this ravine were plowed in places, or that occasionally
crops matured in parts of it, is conclusive that it was not a
watercourse. The general verdict of the jury was a finding
upon the evidence submitted to it, under proper instructions,
that this was a watercourse, that sufficient opening had not
been left to permit the water flowing therein to escape, and that
by reason thereof the plaintiff was damaged.

The judgment of the court is affirmed.